# UNITED STATES COURT OF APPEALS FOR THE SECOND CIRCUIT

Thurgood Marshall U.S. Courthouse   40 Foley Square, New York, NY 10007 Telephone: 212-857-8500

## MOTION INFORMATION STATEMENT

**Docket Number(s):** 23-910

**Caption [use short title]**

**Motion for:** RECONSIDERATION OF THE DENIAL OF LEAVE TO FILE REPLY IN SUPPORT OF MANDAMUS

Set forth below precise, complete statement of relief sought:

Petitioner moves the Court to reconsider its denial of leave to file reply in support of Petitioner's Writ of Mandamus.

In re Google LLC

**MOVING PARTY:** Google LLC
**OPPOSING PARTY:** Texas, Idaho, Indiana, Louisiana, Mississippi, North Dakota, South Carolina, South Dakota

☐ Plaintiff   ☐ Defendant
☑ Appellant/Petitioner   ☐ Appellee/Respondent

**MOVING ATTORNEY:** Neal Kumar Katyal
**OPPOSING ATTORNEY:** Ashley Keller

[name of attorney, with firm, address, phone number and e-mail]

Hogan Lovells US LLP
555 Thirteenth Street, N.W. Washington, DC 20004
(202) 637-5600 neal.katyal@hoganlovells.com

Keller Postman LLC
111 Congress Ave, Suite 500, Austin TX 78701
(501) 690-0990; ack@kellerpostman.com

**Court- Judge/ Agency appealed from:** Karen K. Caldwell, Judicial Panel on Multidistrict Litigation

**Please check appropriate boxes:**

Has movant notified opposing counsel (required by Local Rule 27.1):
☑ Yes   ☐ No (explain):_____

Opposing counsel's position on motion:
☐ Unopposed  ☑ Opposed  ☐ Don't Know

Does opposing counsel intend to file a response:
☐ Yes  ☐ No  ☑ Don't Know

**FOR EMERGENCY MOTIONS, MOTIONS FOR STAYS AND INJUCTIONS PENDING APPEAL:**
Has this request for relief been made below?  ☐ Yes ☐ No
Has this relief been previously sought in this court?  ☐ Yes ☐ No
Requested return date and explanation of emergency: _____

Is oral argument on motion requested?   ☐ Yes  ☑ No (requests for oral argument will not necessarily be granted)

Has argument date of appeal been set?   ☐ Yes  ☑ No   If yes, enter date:_____

**Signature of Moving Attorney:**
/s/ Neal Kumar Katyal   **Date:** July 18, 2023   Service by: ☑ CM/ECF  ☐ Other [Attach proof of service]

Form T-1080 (rev.12-13)

IN THE UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

| | |
|---|---|
| In re Google LLC,<br><br>Petitioner | No. 23-910 |

# GOOGLE LLC'S MOTION FOR RECONSIDERATION OF THE DENIAL OF LEAVE TO FILE REPLY IN SUPPORT OF MANDAMUS

Eric Mahr
Andrew J. Ewalt
FRESHFIELDS BRUCKHAUS
DERINGER LLP
700 13th Street NW, 10th Floor
Washington, D.C. 20005
(202) 777-4500
(202) 777-4555 (Fax)
eric.mahr@freshfields.com
andrew.ewalt@freshfields.com

Neal Kumar Katyal
Jessica L. Ellsworth
HOGAN LOVELLS US LLP
555 Thirteenth Street, N.W.
Washington, D.C. 20004
(202) 637-5600
(202) 637-5910 (Fax)
neal.katyal@hoganlovells.com
jessica.ellsworth@hoganlovells.com

*Counsel for Petitioner Google LLC*

Google respectfully moves for reconsideration of the Court's denial of leave to file a reply in support of mandamus. This Court routinely permits parties to file replies in support of mandamus. A reply is particularly warranted here because the State Plaintiffs' response in opposition to mandamus, filed late last night, defends the JPML's ruling on grounds that differ from those the JPML offered—and this Court should have the benefit of Google's response to those arguments in ruling on the mandamus petition. The State Plaintiffs' opposition also contains misstatements of fact and law in defending the JPML's reliance on two old Supreme Court cases, suggesting that those cases are akin to the situation here when they are not.

Allowing Google to address the State Plaintiffs' additional defenses of the JMPL's ruling and their misstatements, in a short reply brief, will assist this Court in its disposition of Google's mandamus petition. Should the Court agree that a reply is warranted, Google is prepared to file a reply by July 24, 2023, or any other date the Court would prefer.

Counsel for State Plaintiffs have informed Google that they oppose this motion.

## ARGUMENT

1. Google respectfully asks that the Court reconsider its denial of leave to file a reply brief. This Court frequently permits mandamus replies. *See, e.g.*, *In Re: United States of America*, No. 18-3430, Dkt. 67 (2d Cir. Dec. 26, 2018); *In Re:*

1

*United States Dep't of Commerce*, No. 18-2856, Dkt. 43 (2d Cir. Oct. 5, 2018); *In Re: The City of New York*, No. 10-237, Dkt. 61 (2d Cir. Apr. 15, 2010). This Court's sister circuits do the same. *See, e.g.*, *In Re: Stingray IP Sols. LLC*, No. 23-102, Dkt. 5 (Fed. Cir. Nov. 9, 2022); *In re: Klamath Irrigation Dist. v. USDC-ORM*, No. 22-70143, Dkt. 1 (9th Cir. July 12, 2022); *In re: Abd Al-Rahim Hussein Muhammed Al-Nashiri*, No. 21-01208, Doc. 1924665 at 1 (D.C. Cir. Nov. 30, 2021). And courts regularly grant petitioners permission to file a mandamus reply over the respondent's objection. *See, e.g.*, *In re: Jacobs Eng'g Grp., Inc.*, No. 19-5508, Dkt. 14-1 (6th Cir. Aug. 13, 2019); *In re Rebekah Gee*, No. 19-30353, Doc. 00515051256 (5th Cir. July 26, 2019).

Federal Rule of Appellate Procedure 21 does not expressly provide for reply briefs in support of mandamus, but that only reflects the discretionary character of mandamus, not a judgment that replies are prohibited. The Rules also provide for a petition and a response—but do not reference a reply—in support of petitions for panel rehearing, *see* Fed. R. App. P. 40; rehearing en banc, *see* Fed. R. App. P. 35; and permissive appeals, *see* Fed. R. App. P. 5(b). Yet this Court has a practice of permitting such replies in appropriate circumstances. *See, e.g.*, *Goldman Sachs Grp. v. Chen-Oster*, No. 17-2020, Dkt. 25 (2d Cir. Aug. 29, 2017); *Harrison v. Sudan*, No. 14-121, Dkt. 110 (2d Cir. Dec. 22, 2015).

2. A reply is particularly appropriate here for two additional reasons. First, the State Plaintiffs make arguments in their answer to the writ petition that do not appear in the JPML decision from which Google seeks relief. For example, the State Plaintiffs' lead argument in their answer is one that the JPML did not adopt. The JPML's analysis at *Landgraf* Step One took up only one paragraph of the decision and concluded that "nothing [in the Venue Act] sets forth the amendment's temporal reach," Remand Order, *In re Google Dig. Advert. Antitrust Litig.*, No. 3010 (J.P.M.L. June 5, 2023), ECF No. 250 at 2-3. By contrast, the State Plaintiffs devote five pages to briefing their argument under *Landgraf* Step One that Congress's use of the word "is" in 28 U.S.C. § 1407(g) indicates that the Venue Act must be interpreted to apply retroactively. *See* State Plaintiffs' Answer 11-14. Google should have an opportunity to respond to that argument given that it departs from the reasoning the JPML adopted below.

Second, the State Plaintiffs make misstatements of fact and law. Google should be permitted to address those misstatements as this Court considers whether mandamus is warranted. For example, the State Plaintiffs misstate the facts of two pre-*Landgraf* cases relied on by the JPML. Contrary to their assertion, neither *Ex parte Collett*, 337 U.S. 55 (1949), nor *United States v. National City Lines, Inc.*, 337 U.S. 78 (1949), involved "und[oing]" a district court's decision. State Plaintiffs' Answer 23. Because the transfers there did not undo any relevant action in either

3

case, permitting transfer was not a retroactive application of the statute. By contrast here, the JPML's ruling *does* unwind an already completed transfer. And Google did not "forfeit" its retroactivity argument by failing to anticipate the JPML's reliance on *Collett* and *National City Lines*. *Contra* State Plaintiffs' Answer 22. Google's argument in this Court is the same as it was below. *See* Opp. to Mot. to Transfer, *In re Google Dig. Advert. Antitrust Litig.*, No. 3010 (J.P.M.L. Mar. 22, 2023), ECF No. 238 at 14. A party forfeits an "issue" by failing to raise it in trial court. *See T.M. ex rel. A.M. v. Cornwall Cent. Sch. Dist.*, 752 F.3d 145, 170 (2d Cir. 2014); *In re Cooper Tire & Rubber Co.*, 568 F.3d 1180, 1196 (10th Cir. 2009). But a party on appeal may always discuss additional cases and "make any argument in support" of an issue it has properly preserved. *Yee v. City of Escondido*, 503 U.S. 519, 534 (1992).

  3. Should the Court grant Google leave to file a reply brief, Google would be prepared to file a reply by July 24, 2023, or any other date the Court selects.

## CONCLUSION

  For the foregoing reasons, this Court should grant Google leave to file a reply in support of its petition for a writ of mandamus.

4

July 18, 2023                               Respectfully submitted,

/s/ Neal Kumar Katyal
Neal Kumar Katyal
Jessica L. Ellsworth
HOGAN LOVELLS US LLP
555 Thirteenth Street, N.W.
Washington, D.C. 20004
(202) 637-5600
(202) 637-5910 (Fax)
neal.katyal@hoganlovells.com
jessica.ellsworth@hoganlovells.com

Eric Mahr
Andrew J. Ewalt
FRESHFIELDS BRUCKHAUS
DERINGER LLP
700 13th Street NW, 10th Floor
Washington, D.C. 20005
(202) 777-4500
(202) 777-4555 (Fax)
eric.mahr@freshfields.com
andrew.ewalt@freshfields.com

*Counsel for Petitioner Google LLC*

## CERTIFICATE OF COMPLIANCE

1. This document complies with the type-volume limits of Fed. R. App. P. 27(d)(2) because, excluding the parts of the document exempted by Fed. R. App. P. 32(f), this document contains 963 words.

2. This document complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and the type-style requirements of Fed. R. App. P. 32(a)(6) because this document has been prepared in a proportionally spaced typeface using Microsoft Word 2010 in 14-point Times New Roman.

/s/ Neal Kumar Katyal
Neal Kumar Katyal

## CERTIFICATE OF SERVICE

I certify that on July 18, 2023, the foregoing was electronically filed through this Court's CM/ECF system, which will send a notice of filing to all registered users.

/s/ Neal Kumar Katyal  
Neal Kumar Katyal
