**UNITED STATES COURT OF APPEALS FOR THE SECOND CIRCUIT**

Thurgood Marshall U.S. Courthouse   40 Foley Square, New York, NY 10007 Telephone: 212-857-8500

**MOTION INFORMATION STATEMENT**

Docket Number(s): 23-910 _____     _____ Caption [use short title] _____

Motion for: Emergency Motion for a Stay

Pending Mandamus and an Administrative Stay

_____

Set forth below precise, complete statement of relief sought:

Petitioner moves for a stay of the JPML's

remand order pending this Court's resolution of        In re Google LLC

Petitioner's mandamus petition and an immediate

administrative stay to address this motion.

_____

_____

MOVING PARTY: Google LLC _____     OPPOSING PARTY: Texas, Idaho, Indiana, Louisiana, Mississippi, North Dakota, South Carolina, South Dakota

☐ Plaintiff          ☐ Defendant

☑ Appellant/Petitioner    ☐ Appellee/Respondent

MOVING ATTORNEY: Neal Kumar Katyal _____     OPPOSING ATTORNEY: Lanora Christine Pettit

[name of attorney, with firm, address, phone number and e-mail]

Hogan Lovells US LLP                    Office of the Solicitor General

555 Thirteenth Street, N.W. Washington, DC 20004    P.O. Box 12548 (MC-059) Austin, TX 78711-2548

(202) 637-5600; neal.katyal@hoganlovells.com    (512) 4632127; lanora.pettit@oag.texas.gov

Court- Judge/ Agency appealed from: Karen K. Caldwell, Judicial Panel on Multidistrict Litigation

**Please check appropriate boxes:**

Has movant notified opposing counsel (required by Local Rule 27.1):

☑ Yes    ☐ No (explain):_____

_____

Opposing counsel's position on motion:

☐ Unopposed ☑ Opposed ☐ Don't Know

Does opposing counsel intend to file a response:

☑ Yes    ☐ No    ☐ Don't Know

**FOR EMERGENCY MOTIONS, MOTIONS FOR STAYS AND INJUNCTIONS PENDING APPEAL:**

Has this request for relief been made below?    ☑ Yes ☐ No

Has this relief been previously sought in this court?    ☐ Yes ☑ No

Requested return date and explanation of emergency:    August 9 by 5pm

If this Court does not grant the motion, the JPML's stay will expire and the case

will be transferred to the Eastern District of Texas, potentially foreclosing the Court's

ability to decide Petitioner's Mandamus Petition.

_____

Is oral argument on motion requested?    ☐ Yes ☑ No (requests for oral argument will not necessarily be granted)

Has argument date of appeal been set?    ☐ Yes ☑ No If yes, enter date:_____

**Signature of Moving Attorney:**

/s/ Neal Kumar Katyal _____     Date: August 8, 2023   Service by: ☑ CM/ECF   ☐ Other [Attach proof of service]

Form T-1080 (rev.12-13)

# IN THE UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

In re Google LLC,

    Petitioner

No. 23-910

## EMERGENCY MOTION FOR A STAY PENDING MANDAMUS
## AND AN ADMINISTRATIVE STAY

Eric Mahr
Andrew J. Ewalt
FRESHFIELDS BRUCKHAUS
DERINGER LLP
700 Thirteenth Street NW, 10th Floor
Washington, D.C. 20005
(202) 777-4500
(202) 777-4555 (Fax)
eric.mahr@freshfields.com
andrew.ewalt@freshfields.com

Neal Kumar Katyal
Jessica L. Ellsworth
Jo-Ann Tamila Sagar
William E. Havemann
HOGAN LOVELLS US LLP
555 Thirteenth Street, N.W.
Washington, D.C. 20004
(202) 637-5600
(202) 637-5910 (Fax)
neal.katyal@hoganlovells.com
jessica.ellsworth@hoganlovells.com

*Counsel for Google LLC*

# TABLE OF CONTENTS

Page

TABLE OF AUTHORITIES ...................................................................iv

INTRODUCTION ............................................................................1

BACKGROUND ............................................................................3

LEGAL STANDARD.......................................................................5

ARGUMENT ................................................................................6

I.    THIS COURT SHOULD GRANT A STAY OF THE JPML'S
REMAND ORDER PENDING THIS COURT'S
RESOLUTION OF GOOGLE'S MANDAMUS PETITION .....................6

    A.    There Is A Substantial Possibility That This Court Will
Grant Google's Mandamus Petition.......................................7

        1.    *The JPML Misinterpreted The Venue Act As A Matter
Of Law* ............................................................................7

        2.    *The JPML Failed To Apply Any Substantive Legal
Standard To Its Remand Decision* .................................11

        3.    *Google Has No Other Adequate Means To Attain
Relief And Mandamus Is Appropriate Under The
Circumstances* .................................................................15

    B.    Google Will Suffer Irreparable Injury Absent A Stay .......................16

        1.    *Absent A Stay, The Remand Order Threatens To Strip
Google Of Its Right To Seek Reversal By Writ Of
Mandamus* ......................................................................16

        2.    *A Stay Is Necessary To Prevent Irreparably
Curtailing The Efficiencies And Benefits Of The MDL* ................18

    C.    The State Plaintiffs Will Not Suffer Injury If A Stay Is
Issued................................................................................19

    D.    The Public Interest Favors A Stay .....................................20

**TABLE OF CONTENTS—Continued**

<u>Page</u>

II.  THIS COURT SHOULD GRANT AN IMMEDIATE
     ADMINISTRATIVE STAY PENDING THIS COURT'S
     RESOLUTION OF GOOGLE'S STAY MOTION ................................... 20

CONCLUSION ......................................................................................... 21

CERTIFICATE OF COMPLIANCE

CERTIFICATE OF SERVICE

# TABLE OF AUTHORITIES

Page(s)

**CASES:**

*Bragg v. Pomerantz*,
  No. 23-615-L, 2023 WL 3015207 (2d Cir. Apr. 19, 2023) ................................ 21

*Cheney v. U.S. Dist. Ct.*,
  542 U.S. 367 (2004) ....................................................................................... 7

*Citigroup Glob. Mkts., Inc. v. VCG Special Opportunities Master
  Fund Ltd.*,
  598 F.3d 30 (2d Cir. 2010) .............................................................................. 7

*Cooter & Gell v. Hartmarx Corp.*,
  496 U.S. 384 (1990) ....................................................................................... 4

*Drabik v. Murphy*,
  246 F.2d 408 (2d Cir. 1957) ........................................................................... 16

*Ex parte Collett*,
  337 U.S. 55 (1949) ................................................................................. 13, 14

*Hamdan v. Rumsfeld*,
  548 U.S. 557 (2006) ....................................................................................... 9

*Hassoun v. Searls*,
  976 F.3d 121 (2d Cir. 2020) ........................................................................... 21

*Hirschfield v. Board of Elections*,
  984 F.2d 35 (2d Cir. 1993) .............................................................................. 7

*In re Activated Carbon-Based Hunting Clothing Mktg. & Sales Pracs.
  Litig.*,
  840 F. Supp. 2d 1193 (D. Minn. 2012) ........................................................... 11

*In re Adelphia Commc'ns Corp.*,
  361 B.R. 337 (S.D.N.Y. 2007) ....................................................................... 18

*In re Gorsoan Ltd.*,
  No. 18-MC-431 (RA) (KNF), 2020 WL 4194822
  (S.D.N.Y. July 21, 2020) ............................................................................. 20

iv

## TABLE OF AUTHORITIES—Continued

Page(s)

*In re Patenaude,*
210 F.3d 135 (3d Cir. 2000) ................................................................. 11

*In re Warrick,*
70 F.3d 736 (2d Cir. 1995) ............................................................. 15, 16

*In re World Trade Ctr. Disaster Site Litig.,*
503 F.3d 167 (2d Cir. 2007) ................................................................. 6

*In re: Digital Advert. Antitrust Litig.,*
555 F. Supp. 3d 1372 (J.P.M.L. 2021) .......................... 3, 12, 18, 19, 20

*Jock v. Sterling Jewelers, Inc.,*
738 F. Supp. 2d 445 (S.D.N.Y. 2010) .................................................. 18

*Johnson as Tr. of Johnson Fam. Tr., Templeton Glob. Income Fund v.*
*Saba Cap. Mgmt., L.P.,*
No. 23-134, 2023 WL 3196206 (2d Cir. Feb. 14, 2023) ..................... 21

*Landgraf v. USI Film Prods.,*
511 U.S. 244 (1994) ...................................................... 4, 7, 8, 10, 11

*Landis v. North Am. Co.,*
299 U.S. 248 (1936) ............................................................................ 6

*Linde v. Arab Bank, PLC,*
706 F.3d 92 (2d Cir. 2013) .................................................................. 7

*Martin v. Hadix,*
527 U.S. 343 (1999) ....................................................................... 9, 10

*Nken v. Holder,*
556 U.S. 418 (2009) ............................................................................ 6

*Rivers v. Roadway Express, Inc.,*
511 U.S. 298 (1994) ............................................................................ 8

*Roofing & Sheet Metal Servs., Inc. v. La Quinta Motor Inns, Inc.,*
689 F.2d 982 (11th Cir. 1982) ........................................................... 17

*Thapa v. Gonzales,*
460 F.3d 323 (2d Cir. 2006) ................................................................ 6

## TABLE OF AUTHORITIES—Continued

Page(s)

*United States v. National City Lines, Inc.*,
  334 U.S. 573 (1948) ............................................................... 14

*United States v. National City Lines, Inc.*,
  337 U.S. 78 (1949) ........................................................... 13, 14

*Vernon v. Cassadaga Valley Cent. Sch. Dist.*,
  49 F.3d 886 (2d Cir. 1995) ..................................................... 10

**STATUTES:**

28 U.S.C. § 1404 ..................................................................... 17

28 U.S.C. § 1404(a) ......................................................... 10, 13, 14

28 U.S.C. § 1407 ............................................................... 14, 17

28 U.S.C. § 1407(a) ............................................................ 11, 13

28 U.S.C. § 1407(e) .......................................................... 4, 15, 16

28 U.S.C. § 1407(g) ............................................................. 9, 20

Consolidated Appropriations Act, 2023,
  Pub. L. No. 117-328, 136 Stat. 4459 ........................................... 4

**RULE:**

Fed. R. App. P. 21(b)(6) ........................................................... 19

## INTRODUCTION

Seven weeks ago, Google LLC ("Google") filed a petition for mandamus seeking this Court's review of a Judicial Panel on Multidistrict Litigation ("JPML") order granting a motion to remand filed by the State Plaintiffs. *See In re Google Dig. Advert. Antitrust Litig.*, No. 3010 (J.P.M.L. June 5, 2023), ECF No. 250 ("Remand Order"). The JPML's order rests on the conclusion that a new statutory amendment applies retroactively to undo transfers of antitrust actions brought by State Attorneys General, regardless of whether the transfer was already completed before the amendment's enactment. The Panel's incomplete analysis of retroactivity threatens to upend the significant efficiencies that coordination before the multidistrict litigation ("MDL") court has brought to this case. Although the JPML initially issued an administrative stay of its ruling, that administrative stay is set to expire on **Thursday, August 10**. And the JPML has denied Google's request for a stay pending this Court's resolution of Google's mandamus petition.

If this Court does not act to preserve the status quo before the JPML stay expires, this action will be transferred from the Southern District of New York to the Eastern District of Texas. Once that transfer occurs, this Court's precedent suggests it may lose the ability to grant a writ of mandamus reversing the JPML's Remand Order. To mitigate the procedural difficulties that would result from breaking up

1

this proceeding, Google asks this Court to stay the JPML's Remand Order until it has resolved Google's mandamus request.

The JPML denied a stay on the purely legal ground that there was no risk this Court would lose authority to order the JPML to return the case to the Southern District of New York if Google ultimately prevails. But State Plaintiffs have argued in this Court that the intervening legislation "deprives the JPML of jurisdiction" over this case. ECF No. 32 at 12 n.5 ("State Pls. Opp. to Mandamus"). If that argument succeeds, it could prevent this Court from ordering the JPML to grant relief after the case is transferred. A stay is warranted to protect against the risk that Google will lose its appellate rights if this case is transferred before this Court can rule on Google's mandamus petition.

Google satisfies the requirements for the modest—and very short—stay it seeks, which will protect Google's path to relief and avoid irreparable harm in the form of a loss of appeal rights. The mandamus petition is ready to be decided. And preserving the status quo of coordination through the MDL for a little longer will not harm any of the parties, who have litigated this case as part of the MDL for over two years and who continue to benefit from coordinated discovery there.

Google respectfully requests a stay of the Remand Order pending this Court's resolution of Google's mandamus petition. In addition, Google respectfully requests that this Court grant an immediate administrative stay to give the Court time to

address Google's motion before the stay entered below expires on August 10, 2023.

Plaintiffs have indicated that they oppose the requested stay.

## BACKGROUND

This Court is familiar with the background and procedural history of this case, which is described in detail in Google's mandamus petition. *See* ECF No. 1-2 at 6-13 ("Mandamus Petition"). As relevant here, in May 2020, a group of advertisers filed a putative class action in the Northern District of California, challenging Google's ad tech business under the Sherman Act. Many other similar lawsuits followed, including a suit brought by the Texas Attorney General and nine other State Attorneys General ("State Plaintiffs") in the Eastern District of Texas. The JPML centralized these suits before Judge Castel in the Southern District of New York for pretrial purposes, recognizing the efficiencies that would be achieved by centralization. *In re: Digital Advert. Antitrust Litig.*, 555 F. Supp. 3d 1372, 1380 (J.P.M.L. 2021).

Although pretrial litigation remains in progress before Judge Castel, on June 5, 2023, the JPML granted State Plaintiffs' motion to remand this action to the Eastern District of Texas. *See* Remand Order. The State Plaintiffs' remand motion invoked a statute regarding MDL venue that had been enacted well after State Plaintiffs' case had been transferred to the MDL court. *See In re Google Dig. Advert. Antitrust Litig.*, No. 3010 (J.P.M.L. Feb. 27, 2023), ECF No. 229 ("State Pls.

Remand Motion").  In a consolidated appropriations act, Congress enacted the State Antitrust Enforcement Venue Act ("Venue Act"), which amends the MDL statute to exclude state antitrust suits from consolidation by the Panel.  *See* Consolidated Appropriations Act, 2023, Pub. L. No. 117-328, Div. GG, Title III, § 301, 136 Stat. 4459, 5970.  The State Plaintiffs argued—and the JPML agreed—that the Venue Act applied retroactively even though the statute contained no retroactivity provision and even though Congress had removed retroactivity provisions from prior versions of the bill.

Google petitioned for mandamus, which is its only means for obtaining review of a JPML remand order.  *See* 28 U.S.C. § 1407(e).  Given the presumption against retroactivity and the framework for assessing retroactivity set out in *Landgraf v. USI Film Prods.*, 511 U.S. 244 (1994), Google's petition explains that the JPML's retroactive application of the Venue Act was a clear abuse of discretion based on "an erroneous view of the law."  Mandamus Petition 1 (quoting *Cooter & Gell v. Hartmarx Corp.*, 496 U.S. 384, 405 (1990)).  This Court ordered the State Plaintiffs to respond to Google's petition, ECF No. 30, and the State Plaintiffs filed their opposition to mandamus on July 17, ECF No. 32.  Both parties have filed Oral

Argument Statements. ECF Nos. 33, 46. A panel of this Court is now in the process of resolving Google's mandamus petition.

In connection with its mandamus petition, Google sought a stay pending mandamus and administrative stay from the JPML. The JPML initially granted an administrative stay. *In re Google Dig. Advert. Antitrust Litig.*, No. 3010 (J.P.M.L. June 12, 2023), ECF No. 252. But on August 3, 2023, the JPML ultimately denied Google's request for a stay pending mandamus and set the administrative stay to expire in seven days so Google could seek a stay from this Court. *In re Google Dig. Advert. Antitrust Litig.*, No. 3010 (J.P.M.L. Aug. 3, 2023), ECF No. 261 ("JPML Order Denying Stay"). As to likelihood of success on the merits, the JPML adhered to its mistaken belief that remand was appropriate because the Venue Act could be applied to unwind the earlier centralization order without raising retroactivity concerns. *See id.* at 2-4. And the JPML concluded that Google did not risk irreparable harm because, "should the Second Circuit find error in the remand order," there was no risk the Second Circuit would lack authority to order the case transferred back from the Eastern District of Texas. *Id.* at 2.

This motion for a stay and an administrative stay follows.

## LEGAL STANDARD

"[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and

effort for itself, for counsel, and for litigants." *Landis v. North Am. Co.*, 299 U.S. 248, 254-255 (1936). In evaluating a motion for a stay pending appeal, this Court considers whether the applicant has shown a likelihood of "succe[ss] on the merits;" "irreparabl[e] injur[y]"; comparatively less harm to "other parties interested in the proceeding;" and "where the public interest lies." *Nken v. Holder*, 556 U.S. 418, 434 (2009) (citation omitted). "The degree to which a factor must be present varies with the strength of the other factors, meaning that more of one [factor] excuses less of another factor," *In re World Trade Ctr. Disaster Site Litig.*, 503 F.3d 167, 170-171 (2d Cir. 2007) (quotation marks omitted), particularly where the risk of irreparable injury to the movant is high, *Thapa v. Gonzales*, 460 F.3d 323, 334 (2d Cir. 2006).

## ARGUMENT

### I.   THIS COURT SHOULD GRANT A STAY OF THE JPML'S REMAND ORDER PENDING THIS COURT'S RESOLUTION OF GOOGLE'S MANDAMUS PETITION.

The modest stay Google seeks is warranted. Google has a substantial possibility of success on appeal, as illustrated by this Court's decision to take the rare step of ordering the State Plaintiffs to respond to Google's mandamus petition. *See* ECF No. 30. Google also faces irreparable injury that far outweighs any harm to State Plaintiffs, because the JPML's remand order risks mooting Google's

6

mandamus petition. And the public interest favors a stay because the proposed stay would avoid potentially duplicative litigation, thereby conserving judicial resources.

**A.    There Is A Substantial Possibility That This Court Will Grant Google's Mandamus Petition.**

To show a likelihood of success, a movant need not show a certainty of winning, or even that it is "more likely than not to succeed." *Citigroup Glob. Mkts., Inc. v. VCG Special Opportunities Master Fund Ltd.*, 598 F.3d 30, 34 (2d Cir. 2010). Instead, the question is "whether the movant has demonstrated a substantial possibility, although less than a likelihood, of success on appeal." *Hirschfeld v. Board of Elections*, 984 F.2d 35, 39 (2d Cir. 1993) (quotation marks omitted). For the reasons explained in detail in Google's mandamus petition, Google meets this standard. *See* Mandamus Petition 14-28. Google has demonstrated a right to relief that is "clear and indisputable," that it has "no other adequate means to attain the relief," and that the writ is "appropriate under the circumstances." *Linde v. Arab Bank, PLC*, 706 F.3d 92, 107-108 (2d Cir. 2013) (quoting *Cheney v. U.S. Dist. Ct.*, 542 U.S. 367, 380-381 (2004)).

*1.    The JPML Misinterpreted The Venue Act As A Matter Of Law.*

The JPML's remand order rests on serious legal errors that warrant mandamus. Under the two-step *Landgraf* framework, courts first examine whether Congress "expressly prescribed the statute's proper reach." 511 U.S. at 280. If the statute is ambiguous, the court determines whether the new statute "would have

7

retroactive effect, *i.e.*, whether it would impair rights a party possessed when he acted, increase a party's liability for past conduct, or impose new duties with respect to transactions already completed." *Id.* If the statute would have such an effect, it may not be applied retroactively unless Congress clearly intended it to. The JPML erred as a matter of law at both steps. *See* Mandamus Petition 15-27.

At *Landgraf* Step One, the JPML concluded that it could not consider the Venue Act's statutory history—which shows that Congress considered and repeatedly rejected a retroactivity provision—because *Landgraf* suggests that Congress's decision to remove a retroactivity provision "'may reflect a political compromise' and 'does not tell us precisely where the compromise was struck.'" Remand Order 3 (quoting *Landgraf*, 511 U.S. at 256). But the problem in *Landgraf* was that removal of particular statutory language was weak evidence of congressional intent given a prior presidential veto. 511 U.S. at 256. *Landgraf* did not hold that such evidence could not be considered at all. Indeed, in *Rivers*, decided on the same day as *Landgraf* and addressing a related issue, the Supreme Court credited removal of a retroactivity provision as powerful evidence of Congress's intent. *Rivers v. Roadway Express, Inc.*, 511 U.S. 298, 304-308 (1994). Here, even more than in *Rivers*, Congress's decision to twice reject an express retroactivity provision is powerful evidence that Congress did not intend the Venue Act to apply retroactively. And while the JPML's stay denial stated that it did "not understand

8

*Rivers* to mean that legislative history should be considered at step one of *Landgraf*," that conclusion is readily refuted by *Hamdan v. Rumsfeld*, 548 U.S. 557 (2006), where the Court held that a statute did not apply to pending cases in part because Congress had "*rejected* earlier proposed versions of the statute that would have" made it retroactive, and noted that "Congress' rejection of the very language" that would have required retroactivity "weighs heavily against the Government's interpretation." *Id.* at 579-580.

State Plaintiffs have argued that Congress's use of the present tense in the Venue Act—*i.e.*, Congress's decision to exempt from the MDL process "any action in which the United States or a State *is* a complainant," 28 U.S.C. § 1407(g) (emphasis added)—indicates at *Landgraf* Step One that Congress intended the statute to apply retroactively.  The JPML did not accept that rationale, and for good reason—the Supreme Court has rejected a materially identical argument.  In *Martin v. Hadix*, a litigant contended that Congress's reference in an intervening statute to any action brought by a prisoner "who *is* confined" indicated that Congress intended the statute to apply to pending cases.  527 U.S. 343, 353 (1999) (quotation marks omitted).   The Court rejected that argument, explaining that "it stretches the imagination to suggest that Congress intended" to require retroactivity through such indirect means.  *Id.* at 354.  The same reasoning forecloses State Plaintiffs' similar argument here.

The JPML made similar errors at *Landgraf* Step Two. The JPML concluded that the Venue Act should apply to pending cases because the Venue Act "is plainly a procedural rule." Remand Order 3. But the Supreme Court has made clear that "the mere fact that a new rule is procedural does not mean that it applies to every pending case." *Landgraf*, 511 U.S. at 275 n.29; *see also Martin*, 527 U.S. at 359 ("it is not enough to attach a label (e.g., 'procedural,' 'collateral') to the statute"); *Vernon v. Cassadaga Valley Cent. Sch. Dist.*, 49 F.3d 886, 892 (2d Cir. 1995) (Cabranes, J., concurring) (cautioning against "talismanic application" of the "categories 'substantive' and 'procedural'").

The JPML's order denying Google's stay request attempted to correct that error, but its discussion of the issue only creates more problems. The JPML observed that the relevant discussion in footnote 29 of *Langraf* "is appended to the Court's discussion of how Section 1404(a) applies to pre-enactment pending cases *without* giving rise to retroactivity concerns," which the JPML understood to suggest "that venue is not one of the special kind of procedural rules that should apply to some pending cases but not others." JPML Order Denying Stay 4. But *Landgraf* unequivocally stated that characterizing a rule as procedural does not dictate that it applies to pending cases, and it makes no difference what discussion this statement was "appended" to. And while the JPML maintained that "[t]ransfer of venue during pretrial proceedings does not implicate the 'commonsense' concerns raised by

10

footnote 29," *id.*, that is also mistaken. *Landgraf* noted that a "new rule concerning the filing of complaints would not govern an action in which the complaint had already been properly filed under the old regime." 511 U.S. at 275 n.29. For the exact same reason, a new rule concerning the transfer of cases to an MDL court does not govern an action in which the transfer had already properly occurred.

2. *The JPML Failed To Apply Any Substantive Legal Standard To Its Remand Decision.*

Because the Venue Act does not operate retroactively, the correct legal test is the remand standard in the MDL statute. *See* 28 U.S.C. § 1407(a). Under 28 U.S.C. § 1407(a), each transferred action "shall be remanded by the [P]anel at or before the conclusion of such [coordinated or consolidated] pretrial proceedings to the district from which it was transferred." The decision whether to remand a case turns on whether the parties can still "benefit from further coordinated proceedings as part of the MDL." *In re Activated Carbon-Based Hunting Clothing Mktg. & Sales Pracs. Litig.*, 840 F. Supp. 2d 1193, 1198 (D. Minn. 2012). In particular, the Panel "has the discretion to remand a case when everything that remains to be done is case-specific," or when it "will serve the convenience of the parties and witnesses and will promote the just and efficient conduct of [the litigation]." *In re Patenaude*, 210 F.3d 135, 145 (3d Cir. 2000) (citation omitted).

These factors favor keeping the State Plaintiffs' case before Judge Castel in the Southern District of New York. *See In re Google Dig. Advert. Antitrust Litig.*,

No. 3010 (J.P.M.L. Mar. 22, 2023), ECF No. 238 at 17-20 ("Google's Remand Opp."). Indeed, the Panel centralized State Plaintiffs' action because it recognized the "substantial overlap in the alleged Google conduct, plaintiffs' overlapping but different proposed relevant markets, and the involvement of third-party discovery." *In re: Digital Advert. Antitrust Litig.*, 555 F. Supp. 3d at 1378-79. The "common factual core" across the actions meant that centralization would be the most efficient means of completing discovery and pretrial motions. *Id.* at 1377-78. The nearly two years since that ruling have borne out its prescience. Judge Castel has established a structure for the efficient management of these cases, he resolved Google's motion to dismiss the State Plaintiffs' federal antitrust claims and other pretrial disputes, and he continues to marshal coordinated discovery. *See* Google's Remand Opp. 4-6.

If State Plaintiffs are removed from the MDL, the benefits of Judge Castel's efforts to coordinate discovery could abruptly vanish, as State Plaintiffs continue to press for their case to proceed on an accelerated scheduled that, if adopted, would require the parties to engage in duplicative fact and expert discovery in the Eastern District of Texas and the Southern District of New York. *See* Pls.' Request for Status Conf. & Trial Date, *Texas v. Google LLC*, No. 4:20-CV-957-SDJ (E.D. Tex. June 8, 2021), ECF No. 146 at 2 (requesting Eastern District of Texas trial as early as "March 2024"). Many of the same discovery disputes or procedural issues will arise in both venues, given the common factual core, and courts might issue inconsistent

pretrial rulings. And the courts could render inconsistent substantive rulings, which then could give rise to circuit splits on issues arising from Google's very same alleged conduct, far from an efficient result. In short, remand would risk precisely what the JPML sought to avoid by creating the MDL. In granting the State Plaintiffs' transfer request, the Panel failed to consider these factors at all, deviating from Section 1407(a) without considering whether remand would be more convenient, efficient, or just.

The Venue Act does not itself set a new standard for evaluating remand motions. It is therefore categorically different than the statute at issue in *Ex parte Collett*, 337 U.S. 55 (1949), and *United States v. National City Lines, Inc.*, 337 U.S. 78 (1949) ("*National City Lines II*"), on which the JPML heavily relied. *See* Remand Order 2. Those cases considered Congress's enactment of a *new transfer standard*, which provided that, "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." 28 U.S.C. § 1404(a). And in each of those cases, the Supreme Court concluded that a district court could grant a new transfer motion *based on the factors outlined in the newly enacted statute*.

For example, in *National City Lines*, the Supreme Court considered a new legal standard for venue in Clayton Act cases. In *National City Lines I*, the Supreme Court held that the Clayton Act's venue provision left no room "for judicial

discretion . . . to deprive" the government plaintiff of its chosen forum.  334 U.S. 573, 588 (1948).  The Supreme Court therefore concluded that a California district court erred in dismissing antitrust claims brought by the United States on the basis that it would be more convenient for the claims to be heard in Illinois.  *Id.* at 576-577, 588.  However, Congress later enacted 28 U.S.C. § 1404(a), which provided for transfer of "any civil action" based on "the convenience of parties and witnesses" and "in the interest of justice."  In *National City Lines II*, the Supreme Court explained that this new standard "expand[ed] the transferability of cases" so that courts would no longer exempt "antitrust suits" from "forum non conveniens" considerations.  337 U.S. at 81-82 (quoting 28 U.S.C. § 1404(a)).  And the Supreme Court ultimately approved of the district court's transfer decision based on those convenience-related factors.  *Id.* at 84; *accord Ex parte Collett*, 337 U.S. at 56-57.

Unlike in *National City Lines* and *Ex parte Collett*, the JPML was not presented with a new transfer standard in the Venue Act.  The Venue Act merely exempts States from the MDL statute.  Yet the Panel failed to apply any legal test at all when it granted the State Plaintiffs' remand request.  The Panel did not apply Section 1407, which would have required the Panel to consider whether remand would be more convenient, efficient, or just.  And the Panel did not consider an alternative standard such as Section 1404(a)'s transfer standard.  Instead, the Panel granted the request based on the Panel's conclusion that "the power to remand is a

part of the Panel's inherent authority to grant a remedy for actions transferred to an MDL that no longer belong there," and that the Venue Act is "intended to allow state antitrust actions to proceed in the action's original forum." Remand Order 4. The Panel therefore indisputably "failed to consider" the "statutorily mandated" factors that should have informed its analysis. *In re Warrick*, 70 F.3d 736, 740 (2d Cir. 1995) (per curiam). That error amounts to "a clear abuse of discretion," making "a writ of mandamus is appropriate." *Id.*

3.    *<u>Google Has No Other Adequate Means To Attain Relief And Mandamus Is Appropriate Under The Circumstances.</u>*

A mandamus petition to this Court is Google's only avenue for relief, and it is appropriate under the circumstances here. *See* Mandamus Petition 28-30. The MDL statute provides that "[n]o proceedings for review of any order of the [JPML] may be permitted except by extraordinary writ" and that writ petitions "shall be filed only in the court of appeals having jurisdiction over the transferee district." 28 U.S.C. § 1407(e). Moreover, this Court has held that "a writ of mandamus is appropriate" to correct a transfer like this one that rests on a misapplication of a statute. *Warrick*, 70 F.3d at 740.

State Plaintiffs have argued that mandamus is not warranted because the loss of efficiency associated with an erroneous transfer imposes no legally cognizable injury and therefore cannot be corrected through mandamus. That argument is refuted by this Court's precedent, which holds that mandamus is appropriate to

correct erroneous transfers. *Id.* This argument is also refuted by the text of the MDL statute, which contemplates that parties may seek "review" of "an order to transfer" by mandamus. 28 U.S.C. § 1407(e). Congress would not have made JPML transfer decisions reviewable by mandamus if such decisions imposed no cognizable injury.

**B.    Google Will Suffer Irreparable Injury Absent A Stay.**

1.    *Absent A Stay, The Remand Order Threatens To Strip Google Of Its Right To Seek Reversal By Writ Of Mandamus.*

The MDL statute provides for review of JPML orders through mandamus petitions to the court of appeals having jurisdiction over the transferee district. 28 U.S.C. § 1407(e). Here, the transferee district is the Southern District of New York, so Google filed its mandamus petition in this Court. *See id.* But this Court has held that it only has jurisdiction to grant a mandamus petition seeking to reverse an order transferring a case to a district court outside of the Second Circuit if the transfer has not yet occurred. *Warrick*, 70 F.3d at 739. Google anticipates that the transfer will occur as early as Thursday, August 10, 2023.

Once that transfer is effectuated, precedent suggests this Court may no longer consider itself to have jurisdiction to reverse the Remand Order. In *Warrick*, this Court held that a party seeking mandamus review of a transfer order must file a motion to stay the transfer before the case is physically transferred, *i.e.*, "early enough to preserve" the appellate court's "power to issue mandamus reversing the transfer." 70 F.3d at 739; *see also Drabik v. Murphy*, 246 F.2d 408, 409 (2d Cir.

1957) (L. Hand, J.) (explaining writ review of transfer order is inappropriate where party seeking review "did not stay the transfer, or preserve the jurisdiction of the District Court for the Southern District"). A stay will ensure that this Court retains the power to reverse the Panel's Remand Order, and Google's mandamus petition is not rendered a "a futile exercise." *See Roofing & Sheet Metal Servs., Inc. v. La Quinta Motor Inns, Inc.*, 689 F.2d 982, 988 n.10 (11th Cir. 1982).

The JPML dismissed this concern, based on its view that, because "[t]ransfer and remand of [this case] between the transferor and transferee court happens under the Panel's authority under Section 1407, in contrast to a district court's authority under Section 1404," "should the Second Circuit find error in the remand order," it could correct that error though an order "directed to the Panel." JPML Order Denying Stay 2. The JPML cited no authority for that proposition, and State Plaintiffs have disputed it. In their opposition to mandamus, State Plaintiffs have argued that the Venue Act "deprives the JPML of jurisdiction" over this case. State Pls. Opp. to Mandamus 12 n.5. If State Plaintiffs were to prevail on that point, it could prevent the JPML from complying with a writ of mandamus from this Court. There is no need to require Google to pursue such a precarious path when it has shown a stay is warranted. Without a stay, effectuation of the Remand Order risks preventing this Court from ordering the case returned to the Southern District of New York. That potential "loss of appellate rights" constitutes irreparable harm and

has resulted in a "quintessential form of prejudice" in related contexts. *In re Adelphia Commc'ns Corp.*, 361 B.R. 337, 348 (S.D.N.Y. 2007) (granting motion to stay pending appeal) (citation omitted).

2. *A Stay Is Necessary To Prevent Irreparably Curtailing The Efficiencies And Benefits Of The MDL.*

Absent a stay, Google risks irreparably losing the benefits and efficiencies of the MDL regardless of the outcome of its mandamus petition. Those proceedings involve extraordinary efficiencies—lost forever to both parties and the courts if this action is remanded. As the JPML previously recognized, consolidation of the State Plaintiffs case with the other cases in the MDL is appropriate to avoid "voluminous and complex" discovery and the potential for inconsistent rulings, which uniquely burdens Google as the common defendant. *In re: Digital Advert. Antitrust Litig.*, 555 F. Supp. 3d at 1378.

The requested stay will maintain access to those efficiencies. Google will not be able to recoup the loss of coordinated discovery or the duplicated efforts that will arise absent writ relief. Inconsistent rulings are also more likely absent relief, and those harms cannot be recompensed. Thus, unlike a mere increase in costs, which a party can frequently recover, Google will be forced to incur vastly increased burdens, litigating on multiple fronts with no way to recoup the *efficiency* of consolidated proceedings from this MDL. Google thus faces the risk of being "deprived of any right to relief regardless of the appeal's outcome." *Jock v. Sterling*

*Jewelers, Inc.*, 738 F. Supp. 2d 445, 448 (S.D.N.Y. 2010) (staying effect of order pending appeal).

### C. The State Plaintiffs Will Not Suffer Injury If A Stay Is Issued.

State Plaintiffs will not face any injury from a stay or from continuing to litigate before Judge Castel. Nor can they seriously claim any. The only concerns raised in State Plaintiffs' Remand Motion relate to the State of Texas' preference for its home forum, and related efficiencies, like travel costs, incurred by litigating in New York. But as the JPML explained in its initial transfer order, these efficiencies are better served by keeping the State Plaintiffs before Judge Castel. *See In re: Digital Advert. Antitrust Litig.*, 555 F. Supp. 3d. at 1378.

Even if the State Plaintiffs were somehow harmed by a stay, that harm would be greatly minimized by the likelihood that Google's requested stay will be very brief, and the certainty that State Plaintiffs' case will continue to progress during the stay. This Court is likely to resolve Google's mandamus petition in short order because mandamus proceedings enjoy "preference over ordinary civil cases." Fed. R. App. P. 21(b)(6). The mandamus petition is ready to be decided. And litigation can, and will, move forward in the Southern District of New York, where discovery is ongoing. Thus, if a stay is granted, State Plaintiffs will continue to benefit from the coordinated proceedings in New York pending this Court's resolution of Google's mandamus petition. If this Court ultimately grants mandamus relief and

the case remains in the Southern District of New York, a stay will not harm State Plaintiffs. And even if this Court ultimately denies mandamus relief and the case is sent to the Eastern District of Texas, a stay will not harm State Plaintiffs given that they may proceed with discovery in the meantime.

### D. The Public Interest Favors A Stay.

The public interest also supports granting Google's stay request because the proposed stay would avoid potentially duplicative litigation, thereby conserving judicial resources. *See In re Gorsoan Ltd.*, No. 18-MC-431 (RA) (KNF), 2020 WL 4194822, at *8 (S.D.N.Y. July 21, 2020). Indeed, the JPML previously identified the various benefits that would result from centralizing the related actions in the MDL, including the elimination of duplicative discovery and avoiding the risk of inconsistent judgments. *See In re: Digital Advert. Antitrust Litig.*, 555 F. Supp. 3d at 1375. The JPML's recent remand order found that remand was required based on the Panel's reading of Section 1407(g), and did not suggest that any of the benefits of centralized litigation had been exhausted. *See* Remand Order 3.

### II. THIS COURT SHOULD GRANT AN IMMEDIATE ADMINISTRATIVE STAY PENDING THIS COURT'S RESOLUTION OF GOOGLE'S STAY MOTION.

Google also respectfully requests that this Court grant an administrative stay to give the Court time to address Google's stay motion before the stay entered below expires. This Court regularly grants "an administrative stay" in comparable

circumstances so that a "motion for a stay pending appeal could be considered by a three-judge panel." *Hassoun v. Searls*, 976 F.3d 121, 126 (2d Cir. 2020); *accord Bragg v. Pomerantz*, No. 23-615-L, 2023 WL 3015207, at *1 (2d Cir. Apr. 19, 2023); *Johnson as Tr. of Johnson Fam. Tr.*, *Templeton Glob. Income Fund v. Saba Cap. Mgmt., L.P.*, No. 23-134, 2023 WL 3196206, at *1 (2d Cir. Feb. 14, 2023). The Court should follow the same approach here. Because the JPML's administrative stay expires on Thursday, August 10, Google respectfully requests that the Court enter an administrative stay by **5:00 p.m. on Wednesday, August 9**.

## CONCLUSION

For the foregoing reasons, this Court should enter an order staying the JPML's Remand Order. In the meantime, the Court should enter an administrative stay to give the Court time to consider this motion.

21

August 8, 2023                    Respectfully submitted,

                                  /s/ Neal Kumar Katyal
                                  Neal Kumar Katyal
                                  Jessica L. Ellsworth
                                  Jo-Ann Tamila Sagar
                                  William E. Havemann
                                  HOGAN LOVELLS US LLP
                                  555 Thirteenth Street, N.W.
                                  Washington, D.C. 20004
                                  (202) 637-5600
                                  (202) 637-5910 (Fax)
                                  neal.katyal@hoganlovells.com
                                  jessica.ellsworth@hoganlovells.com

                                  Eric Mahr
                                  Andrew J. Ewalt
                                  FRESHFIELDS BRUCKHAUS
                                  DERINGER LLP
                                  700 13th Street NW, 10th Floor
                                  Washington, D.C. 20005
                                  (202) 777-4500
                                  (202) 777-4555 (Fax)
                                  eric.mahr@freshfields.com
                                  andrew.ewalt@freshfields.com

                                  *Counsel for Petitioner Google LLC*

## CERTIFICATE OF COMPLIANCE

1.      This document complies with the type-volume limits of Fed. R. App. P. 27(d)(2) because, excluding the parts of the document exempted by Fed. R. App. P. 32(f), this document contains 5,090 words.

2.      This document complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and the type-style requirements of Fed. R. App. P. 32(a)(6) because this document has been prepared in a proportionally spaced typeface using Microsoft Word 2010 in 14-point Times New Roman.

/s/ Neal Kumar Katyal
Neal Kumar Katyal

## CERTIFICATE OF SERVICE

I certify that on August 8, 2023, the foregoing was electronically filed through this Court's CM/ECF system, which will send a notice of filing to all registered users.

/s/ Neal Kumar Katyal
Neal Kumar Katyal