# UNITED STATES COURT OF APPEALS
# FOR THE
# SECOND CIRCUIT

     At a Stated Term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 9th day of August, two thousand twenty-three.

Before:     Maria Araújo Kahn,
               *Circuit Judge,*

_____

In re: Google LLC

     Petitioner.

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

Google, LLC,

     Petitioner,

v.

The State of Texas, State of Alaska, State of Arkansas, State of Florida, State of Idaho, State of Indiana, Commonwealth of Kentucky, State of Louisiana, State of Mississippi, State of Missouri, State of Montana, State of Nevada, State of North Dakota, Commonwealth of Puerto Rico, State of South Carolina, State of South Dakota, State of Utah,

     Respondents.

_____

**ORDER**

Docket No. 23-910

     On June 5, 2023, the Judicial Panel on Multidistrict Litigation's ("JPML") granted Respondents' motion to remand the underlying antitrust action to the Eastern District of Texas. *In re Google Digital Advertising Antitrust Litig.*, 2023 WL 3828612 (J.P.M.L. June 5, 2023). On June 20, 2023, Petitioner filed a petition for a writ of mandamus with this Court seeking review of the JPML order. Petitioner now moves, on an emergency basis, for a stay of the JPML order pending determination of the mandamus petition. Petitioner also seeks an administrative stay of the JPML order pending the Court's adjudication of this motion.

     IT IS HEREBY ORDERED that Petitioner's motion for an emergency stay of the JPML order pending this Court's resolution of Petitioner's petition for a writ of mandamus is REFERRED to a three-judge motions panel or the panel that determines the petition for

a writ of mandamus. IT IS FURTHER ORDERED that Petitioner's request for an administrative stay of the JPML order is granted until the motion for a stay pending resolution of the mandamus petition is determined. We note that the issuance of an administrative stay does not constitute a decision as to the merits of the motion for a stay pending resolution of Petitioner's mandamus petition. *See Hassoun v. Searls*, 976 F.3d 121, 126 (2d Cir. 2020) (describing extension of administrative stay to permit full consideration of motion).

For the Court:
Catherine O'Hagan Wolfe,
Clerk of Court

A True Copy
Catherine O'Hagan Wolfe, Clerk
United States Court of Appeals, Second Circuit

CERTIFIED COPY ISSUED ON 08/09/2023