UNITED STATES COURT OF APPEALS FOR THE SECOND CIRCUIT

Thurgood Marshall U.S. Courthouse  40 Foley Square, New York, NY 10007 Telephone: 212-857-8500

MOTION INFORMATION STATEMENT

**Docket Number(s):** 23-910

**Caption [use short title]**

**Motion for:** Plaintiff States' Response to Emergency Motion for a Stay Pending Mandamus

Set forth below precise, complete statement of relief sought:

The Court should immediately vacate the administrative stay and deny Google's emergency motion for a stay pending mandamus.

In re Google LLC

**MOVING PARTY:** _____  **OPPOSING PARTY:** Respondents

☐ Plaintiff  ☐ Defendant
☐ Appellant/Petitioner  ☑ Appellee/Respondent

**MOVING ATTORNEY:** Lanora C. Pettit

**OPPOSING ATTORNEY:** Lanora C. Pettit

[name of attorney, with firm, address, phone number and e-mail]

Lanora C. Pettit
Office of the Texas Attorney General
P.O. Box 12548 (MC-059), Austin, Texas 78701-2548

Phone: (512) 936-1700
Lanoa.Pettit@oag.texas.gov

Court- Judge/ Agency appealed from: _____

**Please check appropriate boxes:**

Has movant notified opposing counsel (required by Local Rule 27.1):
☑ Yes  ☐ No (explain):_____

Opposing counsel's position on motion:
☐ Unopposed  ☑ Opposed  ☐ Don't Know

Does opposing counsel intend to file a response:
☑ Yes  ☐ No  ☐ Don't Know

**FOR EMERGENCY MOTIONS, MOTIONS FOR STAYS AND INJUCTIONS PENDING APPEAL:**

Has this request for relief been made below?  ☐ Yes ☑ No
Has this relief been previously sought in this court?  ☐ Yes ☑ No
Requested return date and explanation of emergency: This is a derivative request to undo emergency relief requested by petitioners and awarded before respondents had a reasonable opportunity to respond.

Is oral argument on motion requested?  ☐ Yes ☑ No (requests for oral argument will not necessarily be granted)

Has argument date of appeal been set?  ☐ Yes ☑ No  If yes, enter date:_____

**Signature of Moving Attorney:**

/s/ Lanora C. Pettit  **Date:** 8/14/2023  **Service by:** ☑ CM/ECF  ☐ Other [Attach proof of service]

Form T-1080 (rev.12-13)

No. 23-910

# In the United States Court of Appeals for the Second Circuit

In re Google LLC,
                              Petitioner,

On Petition for Writ of Mandamus
to the United States Judicial Panel on Multidistrict Litigation

Plaintiff States' Response to Emergency Motion for a Stay Pending Mandamus

Google has not met its burden to seek the "extraordinary relief," *Michael v. I.N.S.*, 48 F.3d 657, 664 n.6 (2d Cir. 1995) (quoting *Reynolds Metals Co. v. F.E.R.C.*, 777 F.2d 760, 762 (D.C. Cir. 1985)), of a stay pending resolution of its petition for the already "drastic and extraordinary remed[y]" of a writ of mandamus, *Ex parte Collett*, 337 U.S. 55, 72 (1949). Among other reasons[1]—it has entirely failed to demonstrate irreparable harm. Nevertheless, by waiting until shortly before the JPML's administrative stay would have expired, Google was able to obtain *another* administrative stay from a member of this Court.

---

[1] As Google notes (at 3) "[t]he Court is familiar with the background and procedural history" because the merits of Google's underlying petition have been fully briefed. Rather than burden the Court with (yet further) duplicative briefing, Plaintiff States incorporate their Response to Petition for Mandamus, ECF No. 32 ("Response"), rather than retread ground thoroughly explored.

A stay, administrative or otherwise, is an equitable power constrained by traditional equitable principles, which must be, at minimum, "agreeable to the usages and principles of law." 28 U.S.C. § 1651. "[E]quity is flexible; but in the federal system, at least, that flexibility is confined within the broad boundaries of traditional equitable relief." *Grupo Mexicano de Desarrollo S.A. v. All. Bond Fund, Inc.*, 527 U.S. 308, 322 (1999). Here—despite repeatedly losing on the merits—Google has used a series of administrative stays to avoid remand of this case to Texas for more than two months.[2] The Court should put a stop to this manipulation of the system, dissolve the *current* administrative stay, and deny the putatively "emergency" motion for a stay pending mandamus. In due course, the Court should also deny the petition itself.

## Argument

"The four factors to be considered in issuing a stay pending appeal are well known." *In re World Trade Ctr. Disaster Site Litig.*, 503 F.3d 167, 170 (2d Cir. 2007) (*WTC*); *Nken v. Holder*, 556 U.S. 418, 434 (2009). Google must show: (1) a "strong" likelihood that it will succeed on the merits; (2) that it will be irreparably harmed absent a stay; (3) that the stay will not cause "substantial injury" to State Plaintiffs, and (4) that the public interest favors its request. *New York v. U.S.D.H.S.*, 974 F.3d 210, 214 (2d Cir. 2010). Google has not met any of them, and its repeated abuse of the administrative-stay process renders further delay inequitable.

1. To start, Google has not shown "the single most important prerequisite for

---

[2] *In re Google Digit. Advert. Antitrust Litig.*, MDL No. 3010 (J.P.M.L. June 5, 2023), ECF No. 250 ("Remand Order") at 3.

2

the issuance" of preliminary relief: irreparable harm. *Faively Transp. Malmo AB v. WabtecCorp.*, 559 F.3d 110, 118 (2d Cir. 2009) (collecting cases). Apart from cost-based harms that are squarely foreclosed by binding precedent, *Coinbase, Inc. v. Bielski*, 143 S. Ct. 1915, 1923 (2023), Google's only argument on this essential prong is that, absent a stay, this Court could not unwind the remand because it would lack jurisdiction under *In re Warrick*, 70 F.3d 736, 737 (2d Cir. 1995).[3]

As the JPML correctly held, unlike the district court in *Warrick*—which addressed 28 U.S.C. § 1404, not 1407—the JPML has the unusual authority to transfer cases to-and-from multi-district litigation transferee courts. 28 U.S.C. § 1407(a). Since the JPML can unwind any transfer it makes, this Court could likewise unwind any transfer so long as it retains its mandamus jurisdiction *over the JPML* post-transfer. It clearly does: Congress expressly provided that the JPML's transfer decisions may be reviewed only "by extraordinary writ" and "only in the court of appeals having jurisdiction over the transferee district." 28 U.S.C. § 1407(e). Because the "transferee district" is the Southern District of New York, this Court has jurisdiction over the JPML's transfers with respect to this MDL regardless of where this case happens to be pending when this Court rules.

Taking full advantage of the highly expedited and effectively *ex parte* nature of the administrative-stay process, however, Google has made two counter arguments:

---

[3] Google tries (at 18-19) to distinguish *Coinbase* by asserting "efficiency" as well as monetary costs. This is a distinction without a difference. *American Heritage Dictionary* 570 (5th ed. 2016) (defining to be "efficient" is to "act[] or produc[e] effectively with a minimum of waste, *expense*, or unnecessary effort") (emphasis added).

3

that the "JPML cited no authority for" the notion that it could unwind a remand, "and State Plaintiffs have disputed" it. Mot. at 17. Google's first argument—which implies Plaintiff States are asking the Court to break new jurisdictional ground—conspicuously ignores that in opposing a stay before the JPML, Plaintiff States cited a case where the Fourth Circuit unwound a transfer under section 1407. *See In re Food Lion, Inc., Fair Lab. Standards Act Effective Scheduling Litig.*, 73 F.3d 528, 533 (4th Cir. 1996).[4] That the JPML chose not to recite that authority does not mean it does not exist. *Contra* Mot. 17.

Google's second argument blatantly misstates the States' position. Plaintiff States have never disputed that if Google prevails on this petition, the JPML would have *jurisdiction* to unwind the transfer. They have argued that Google is not entitled to prevail *on the merits* because the Venue Act stripped the JPML of jurisdiction in the first instance, and that changes to jurisdictional rules apply to pending cases. Response 12 n.5 (citing *E.g.*, *Hughes Aircraft Co. v. U.S. ex rel. Schumer*, 520 U.S. 939, 951 (1997)). "If State Plaintiffs were to prevail on that point," whether the Court's ruling "could prevent the JPML from complying with a writ of mandamus from this Court" would never arise. Mot. 17. In that scenario, Google has lost a petition-dispositive argument, and no mandamus would issue. *Cheney v. U.S. Dist. Ct. for D.C.*, 542 U.S. 367, 381, 391 (2014) (requiring a "clear and indisputable right" to relief as a "precondition" for the writ).

---

[4] *In re Google Digit. Advert. Antitrust Litig.,* MDL No. 3010 (J.P.M.L. Aug. 3, 2023), ECF No. 257 at 9.

4

**2.** Google's repeated misuse of the administrative-stay process has also harmed both the State's interest and that of the public. The Supreme Court has held that, these two stay factors—the interests of the opposing party and the public—"merge when the government is the opposing party," *Nken*, 556 U.S. at 435. In this instance, as explained in more detail in the mandamus response (at 4-5), Congress has already liquidated where the public interest lies: in encouraging "vigorous antitrust enforcement" by States to address the "crisis" of monopolization that is sweeping "[m]any industries" that is threatening "consumers, workers, and competition." Letter from Sen. Amy Klobuchar, et al., to Judge Roslynn R. Mauskopf at 1 (July 28, 2021), https://tinyurl.com/rajzhdvd.

Google has thwarted that interest—and harmed Plaintiff States—for months by waiting to the last minute, claiming an emergency, and citing that putative emergency to demand judicial relief without affording Plaintiff States the chance to respond. The Judicial Panel on Multidistrict Litigation ("JPML") ordered that this case be remanded to Texas on June 5.[5] A full week later—just before the remand was set to occur—Google filed its first supposedly emergency motion for a stay, demanding action by close of business that day.[6] Google waited so late that not only were Plaintiff States denied a reasonable opportunity to respond, the JPML could only

---

[5] *In re Google Digit. Advert. Antitrust Litig.*, MDL No. 3010 (J.P.M.L. June 5, 2023), ECF No. 250 ("Remand Order") at 3.

[6] *In re Google Digit. Advert. Antitrust Litig.*, MDL No. 3010 (J.P.M.L. June 12, 2023), ECF No. 251 at 2.

grant the stay by recalling its own mandate.[7] After hearing Plaintiffs States' response, the JPML easily dismissed Google's merits arguments—which supposedly took a week to write—as "largely repe[titive]" and "unpersuasive."[8] By that time, however, Google had effectively gotten the stay pending appeal it wanted: the case had languished on the JPML's docket for 67 days, more than six times the period this Court allotted to State Plaintiffs to respond to Google's mandamus petition. ECF No. 30.

Google repeated the same maneuver here. Despite unanimously concluding that a stay was unwarranted, the JPML gave Google seven additional days to seek relief here. Stay Order at 4. Again, Google waited nearly that entire time to reformat and regurgitate largely the same arguments for this Court's review. Mot. 2. And, again, it cried "emergency," demanding an immediate administrative stay without affording Plaintiff States a reasonable opportunity to respond. *Id.* at 20-21. Which this Court granted.

"As the Supreme Court has made clear, '[a] stay is not a matter of right,'" but a matter of the Court's equitable grace. *Maldonado-Padilla v. Holder*, 651 F.3d 325, 327 (2d Cir. 2011). The "maxim *vigilantibus non dormientibus aequitas subvenit*"—that "equity aids the vigilant, not those who sleep on their rights"—is well-established across numerous contexts precisely to prevent a party from using strategic

---

[7] *In re Google Digit. Advert. Antitrust Litig.*, MDL No. 3010 (J.P.M.L. June 12, 2023), ECF No. 252.

[8] *In re Google Digit. Advert. Antitrust Litig.*, MDL No. 3010 (J.P.M.L. August 3, 2023), ECF No. 261 ("Stay Order") at 2, 3.

6

delay to prejudice an opposing party. *Ivani Contracting Corp. v. City of New York*, 103 F.3d 257, 259 (2d Cir. 1997); *see also, e.g.*, *Mikulec v. United States*, 705 F.2d 599, 602-03 (2d Cir. 1983). Yet Google has done just that to prevent this case from returning to Texas—the forum that Congress said the public interest favor.

3. Because the three other *Nken* factors weigh heavily against any further equitable relief, the Court need not even get into whether Google has demonstrated a likelihood of success on the merits. *See, e.g.*, *Bermudez v. Reid*, 720 F.2d 748, 750 (2d Cir. 1983). But Google fails there too.

As discussed at length in Plaintiff States' Response, Google is unlikely to succeed on the merits because this case calls for the straightforward application of *Ex parte Collett*, 337 U.S. 55 (1949), and *United States v. National City Lines, Inc.*, 337 U.S. 78 (1949) (*National City Lines II*), where the Supreme Court squarely held that because "[n]o one has a vested right in any given mode of procedure," changes to venue rules apply to cases pending at the time those rules become effective. *Collett*, 337 U.S. at 71. The JPML concluded that Google forfeited any attempt to distinguish *Collett* and *National City Lines II* by "ma[king] no attempt to address" them. Remand Order at 3. When Google improperly "attempt[ed] to do so for the first time . . . during the motion to stay briefing," the JPML correctly rejected Google's arguments as "unpersuasive." Stay Order at 3.

Consistent with its repeated failure to follow established norms of issue preservation, Google now makes a new argument that it did not even raise in its petition for mandamus. It asserts for the first time that the Venue Act is "categorically different than the statute at issue" in *Ex parte Collett* and *National City Lines II* because

7

it does not "set a new standard for evaluating remand motions," Motion 13. Leaving aside the logical disconnect between this distinction and Google's justification why it should not be subject to Congress's venue rules,[9] this Court routinely holds that "arguments not made in an appellant's opening brief are waived even if the appellant pursued those arguments in the district court or raised them in a reply brief." *JP Morgan Chase Bank v. Altos Hornos de Mexico, S.A. de C.V.*, 412 F.3d 418, 428 (2d Cir. 2005). Here, the argument was not made below or in *any* merits brief, and the Court has denied Google's request for a reply. ECF No. 30.

Even under Google's belatedly raised theory, however, *National City Lines II* would still control. According to Google, "[i]n *National City Lines I*, the Supreme Court held that the Clayton Act's venue provision left no room 'for judicial discretion . . . to deprive' the government plaintiff of its chosen forum." Mot. 13-14 (quoting *United States v. Nat'l City Lines*, 334 U.S. 573, 588 (1948)). But, Google says, by *National City Lines II*, Congress had created a "new standard" that "expand[ed] the transferability of cases." *Id.* at 14 (quoting 337 U.S. at 81-82). If granting discretion that previously did not exist creates a "new standard," so does removing discretion that previously was present. Even under Google's theory, the JPML correctly changed its analysis when a "new standard" was adopted. *Compare* Transfer Order

---

[9] After all, Google's entire thesis is that the Venue Act cannot apply retroactively consistent with *Landgraf v. USI Film Products*, 511 U.S. 244 (1994). It is hard to see how if the Venue Act does not "set a new standard for evaluating remand motions" for the purposes of *Collette*, Mot. 13, it can "attach[] new legal consequences to events completed before its enactment" for the purposes of *Landgraf*, 511 U.S. at 270.

8

at 1374 (applying a discretionary rule), *with* Remand Order at 3 (concluding such discretion no longer exists). The only question is whether that new standard has an impermissible retroactive effect; under *Collett* and *National City Lines II*, new venue rules do not.

## Conclusion

The parties are in complete agreement on one thing: Google's "mandamus petition is ready to be decided," Mot. 1, without the further delay of the oral argument that Google previously asserted was necessary. *Compare* Mandamus Response ii, *with* ECF No. 33. But pending that decision, the Court should immediately vacate the administrative stay and deny Google's emergency motion for a stay pending mandamus.

    Respectfully submitted.

    Brent Webster
    First Assistant Attorney General

    /s/ Lanora C. Pettit
    Lanora C. Pettit
    Principal Deputy Solicitor General

    Office of the Attorney General
    P.O. Box 12548 (MC 059)
    Austin, Texas 78711-2548
    Tel.: (512) 936-1700
    Fax: (512) 474-2697

    Counsel for Respondents

## Certificate of Service

On August 11, 2023, this response was served via CM/ECF on all registered counsel and transmitted to the Clerk of the Court.

/s/ Lanora C. Pettit<br>Lanora C. Pettit

## Certificate of Compliance

This brief complies with: (1) the type-volume limitation of Federal Rule of Appellate Procedure 21(d)(1) because it contains 2,251 words, excluding the parts of the brief exempted by Rule 32(f); and (2) the typeface requirements of Rule 32(a)(5) and the type style requirements of Rule 32(a)(6) because it has been prepared in a proportionally spaced typeface (14-point Equity) using Microsoft Word (the same program used to calculate the word count).

/s/ Lanora C. Pettit<br>Lanora C. Pettit