# IN THE UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

| | |
|---|---|
| In re Google LLC,<br><br>    Petitioner | No. 23-910 |

## GOOGLE'S REPLY IN SUPPORT OF ITS EMERGENCY MOTION FOR A STAY PENDING MANDAMUS

Eric Mahr
Andrew J. Ewalt
FRESHFIELDS BRUCKHAUS
DERINGER LLP
700 Thirteenth Street NW, 10th Floor
Washington, D.C. 20005
(202) 777-4500
(202) 777-4555 (Fax)
eric.mahr@freshfields.com
andrew.ewalt@freshfields.com

Neal Kumar Katyal
Jessica L. Ellsworth
Jo-Ann Tamila Sagar
William E. Havemann
HOGAN LOVELLS US LLP
555 Thirteenth Street, N.W.
Washington, D.C. 20004
(202) 637-5600
(202) 637-5910 (Fax)
neal.katyal@hoganlovells.com
jessica.ellsworth@hoganlovells.com

*Counsel for Google LLC*

## TABLE OF CONTENTS

Page

TABLE OF AUTHORITIES ................................................................................. ii

INTRODUCTION ...................................................................................................1

ARGUMENT ...........................................................................................................3

    I.    STATE PLAINTIFFS WAITED MONTHS AFTER THE VENUE ACT'S PASSAGE TO FILE THEIR REMAND MOTION IN THE JPML, DEMONSTRATING THAT THEY ARE NOT HARMED BY CONTINUED LITIGATION IN SDNY ........................................................................3

    II.    GOOGLE WILL BE IRREPARABLY HARMED ABSENT A STAY ...........................................................................................6

    III.    A STAY IS IN THE PUBLIC INTEREST ...............................................8

    IV.    GOOGLE HAS SHOWN A LIKELIHOOD OF SUCCESS ON THE MERITS ...................................................................................8

CONCLUSION ......................................................................................................11

CERTIFICATE OF COMPLIANCE

CERTIFICATE OF SERVICE

# TABLE OF AUTHORITIES

Page(s)

**CASES:**

*Amoco Prod. Co. v. Village of Gambell*,
 480 U.S. 531 (1987) .................................................................................... 8

*Centurion v. Holder*,
 755 F.3d 115 (2d Cir. 2014) ..................................................................... 6, 7

*Coinbase, Inc. v. Bielski*,
 143 S. Ct. 1915 (2023) ................................................................................ 7

*Crown, Cork & Seal Co. v. Parker*,
 462 U.S. 345 (1983) .................................................................................... 8

*Eastman Kodak Co. v. STWB, Inc.*,
 452 F.3d 215 (2d Cir. 2006) ..................................................................... 10

*Ellis v. Trib. Television Co.*,
 443 F.3d 71 (2d Cir. 2006) ......................................................................... 8

*Enter. Mortg. Acceptance Co., LLC, Sec. Litig. v. Enter. Mortg. Acceptance Co.*,
 391 F.3d 401 (2d Cir. 2004), as amended (Jan. 7, 2005) ........................... 9

*Ex parte Collett*,
 337 U.S. 55 (1949) ............................................................................ 8, 9, 10

*In re Food Lion, Inc., Fair Lab. Standards Act "Effective Scheduling" Litig.*,
 73 F.3d 528 (4th Cir. 1996) ..................................................................... 6, 7

*In re Warrick*,
 70 F.3d 736 (2d Cir. 1995) ......................................................................... 6

*Landgraf v. USI Film Prods.*,
 511 U.S. 244 (1994) .................................................................................... 9

*Morgan Guar. Tr. Co. v. Republic of Palau*,
 971 F.2d 917 (2d Cir. 1992) ....................................................................... 9

## TABLE OF AUTHORITIES—Continued

Page(s)

*United States v. National City Lines, Inc.*,
  337 U.S. 78 (1949) .................................................................................. 9, 10

*Wilkins v. United States*,
  143 S. Ct. 870 (2023) ..................................................................................... 7

*Yee v. City of Escondido*,
  503 U.S. 519 (1992) ..................................................................................... 10

**STATUTE:**

28 U.S.C. § 1407(a) ............................................................................................ 2

**RULES:**

Fed. R. App. P. 4(a)(1)(A) ................................................................................ 11

Fed. R. App. P. 4(a)(1)(B) .......................................................................... 10, 11

Fed. R. App. P. 8(a)(1)(A) .................................................................................. 6

Fed. R. App. P. 8(a)(2)(A)(ii) ............................................................................. 6

R.P.J.P.M.L 10.3(a) ............................................................................................ 4

**OTHER AUTHORITY:**

Bryan Koenig, *State AGs' Google Ad Suit Must Join Private Ones in NY*, Law360 (Aug. 10, 2021), *available at*
  https://tinyurl.com/y9zb4mbe ....................................................................... 1

**INTRODUCTION**

Google agrees that "equity aids the vigilant, not those who sleep on their rights." ECF No. 65 at 6 ("Stay Opp."). State Plaintiffs dragged their feet, failing to seek a remand from the Judicial Panel on Multidistrict Litigation ("JPML") until *two months* after Congress enacted the State Antitrust Enforcement Venue Act ("Venue Act"). In the intervening time, they actively engaged in discovery requests and responses on behalf of all plaintiffs in the multidistrict litigation ("MDL") court, they negotiated with Google on discovery issues and substantive stipulations, and they even sought to amend their complaint (for the fourth time). If State Plaintiffs' position is to be believed, it would mean that for sixty days State Plaintiffs engaged in extensive back and forth with both Google and Judge Castel, all while actually believing the court lacked authority to adjudicate their case.

Perhaps State Plaintiffs feared that the courts would ultimately reject their request to apply the Venue Act retroactively, just as Congress ultimately rejected the text that was necessary to support that argument. Or perhaps State Plaintiffs simply did not mind litigating their claims before Judge Castel for a little while longer. *See* Bryan Koenig, *State AGs' Google Ad Suit Must Join Private Ones in NY*, Law360 (Aug. 10, 2021), *available at* https://tinyurl.com/y9zb4mbe (State Plaintiffs noting, shortly after the JPML's order creating the MDL, that they were "certainly excited that the panel assigned the case to Judge Castel," to the point that they would even

1

consider "request[ing] to try the case in the SDNY"). But whatever the reason for State Plaintiffs' delay, they cannot now complain that Google's attempt to secure appellate review of the JPML's remand order has prevented them from securing a speedy remand. State Plaintiffs did that on their own.

By contrast, Google has diligently protected its rights. Google seeks a stay pending this Court's review of Google's mandamus petition because Google could lose its appeal rights without a stay. State Plaintiffs suggest that this Court could contravene its own precedent to unwind the remand if Google is successful on appeal. But there is no need to risk Google's chance at relief by transferring this case to the Eastern District of Texas before Google's mandamus petition is resolved. Transferring this case now is particularly unwarranted given that the mandamus petition is ready to be resolved and given that litigation can and will continue to move forward in the Southern District of New York ("SDNY") in the interim. Judge Castel has consistently prioritized State Plaintiffs' case, and even if a stay is granted, State Plaintiffs will continue to benefit from coordinated proceedings, including the many depositions being taken this month. Moreover, Google's entitlement to mandamus relief is clear. Because the Venue Act does not operate retroactively, the correct legal test is the remand standard in the MDL statute. *See* 28 U.S.C. § 1407(a).

2

Because State Plaintiffs' own conduct shows that they will not be harmed by continuing to pursue their claims in SDNY while this Court considers Google's mandamus petition, this Court should grant Google's request for a stay.

## ARGUMENT

I. **STATE PLAINTIFFS WAITED MONTHS AFTER THE VENUE ACT'S PASSAGE TO FILE THEIR REMAND MOTION IN THE JPML, DEMONSTRATING THAT THEY ARE NOT HARMED BY CONTINUED LITIGATION IN SDNY.**

State Plaintiffs' purported urgency to return to Texas rings hollow in light of State Plaintiffs' decision to drag their feet in seeking remand. Long after President Biden signed the Venue Act into law on December 29, 2022, State Plaintiffs continued litigating in the MDL court; they did not file their remand motion in the JPML until *two months later*, on February 27, 2023. *See In re Google Dig. Advert. Antitrust Litig.*, No. 3010 (J.P.M.L. Feb. 27, 2023), ECF No. 229.

During those two months, the parties expended considerable effort litigating State Plaintiffs' case, on the assumption it would proceed in the MDL. State Plaintiffs actively participated in the MDL's discovery process during that period, and in fact served in a key role on the Discovery Steering Committee, which was tasked with preparing discovery requests common to all plaintiffs. State Plaintiffs also continued to seek to refine their claims before Judge Castel. They filed a pre-motion letter (per Judge Castel's procedures) seeking to amend their Third Amended Complaint. *In re Google Dig. Advert. Antitrust Litig.*, No. 1:21-md-03010

3

(S.D.N.Y. Feb. 16, 2023), ECF No. 466. In response, Judge Castel issued an order allowing State Plaintiffs to file their Fourth Amended Complaint with a deadline of May 5, 2023. *In re Google Dig. Advert. Antitrust Litig.*, No. 1:21-md-03010 (S.D.N.Y. Mar. 6, 2023), ECF No. 495. Google and State Plaintiffs were in regular communication during those intervening months—discussing requests for production and interrogatories, agency subpoenas, and stipulations—without State Plaintiffs refusing to participate on the basis of the Venue Act.

State Plaintiffs' active participation in the MDL after the Venue Act's enactment is impossible to square with their subsequent litigation position that they are harmed by a modest delay in the remand of their action while Google's mandamus petition is adjudicated. Stay Opp. 5. They complain that the JPML's Remand Order "languished on the JPML's docket for 67 days" while the JPML considered Google's request for a stay, Stay Opp. 6, yet they were perfectly happy to let the case languish on Judge Castel's docket for 60 days while they considered whether they had a reasonable argument that a clearly prospective law applied retroactively to their case. Indeed, the only part of State Plaintiffs' litigation position consistent with their now-expressed interest in moving quickly is their decision to go straight to the JPML to seek remand instead of first asking Judge Castel for a remand, per the JPML's rules. *See* R.P.J.P.M.L 10.3(a). By doing so, they avoided

4

the task of explaining to Judge Castel why they had wasted the judicial resources of an MDL court they believed lacked jurisdiction over their case.[1]

Google, by contrast, has demonstrated respect for the courts, the other parties, and the judicial process by moving expeditiously in asserting its objections to the JPML's Remand Order. Google sought a stay from the JPML less than one week after that court's order remanding the case. *See In re Google Dig. Advert. Antitrust Litig.*, No. 3010 (J.P.M.L. June 12, 2023), ECF No. 251. Google filed a mandamus petition in this Court one week after that. *See* ECF No. 1-2 (June 20, 2023) ("Mandamus Pet."). Google filed a motion to expedite the mandamus proceedings at the first opportunity to do so, the same day this Court created a docket for Google's writ petition and thereby enabled motions to be filed in this matter. *See* ECF No. 11 (June 22, 2023) ("Mot. to Expedite"). And Google has filed this brief just one day after this Court accepted State Plaintiffs' opposition.

State Plaintiffs' charge that Google has waited too long to litigate its objections, *see* Stay Opp. 6, cannot withstand scrutiny. To the extent State Plaintiffs fault Google for its timing in seeking a stay in this court, *see* Stay Opp. 5-6, their real complaint is with this Court's rules, which require a party to seek a stay in the

---

[1] State Plaintiffs' decision to bring their late motion for a remand to the JPML also deprived Judge Castel of an opportunity to document his efforts towards maximizing the efficiency of this sprawling litigation, structured with State Plaintiffs' action at the center.

5

lower court first. *See* Fed. R. App. P. 8(a)(1)(A); 8(a)(2)(A)(ii). And to the extent State Plaintiffs object to the JPML's and this Court's issuance of administrative stays, *see* Stay Opp. 5, that is a complaint about the time the JPML and this Court deemed necessary to consider Google's stay requests. Google sought to minimize the need for any stays by moving to expedite this Court's review of its mandamus petition. *See* Mot. to Expedite. State Plaintiffs *opposed* expediting these proceedings. *See* ECF No. 23. And this Court denied Google's expedition request, presumably relying, at least in part, on State Plaintiffs' objection. *See* ECF No. 30.

This Court need look no further than the procedural history of this case to see that Google has acted to seek timely review of the JPML's Remand Order, and that, in any event, Plaintiffs are not harmed by the modest stay Google has requested.

## II. GOOGLE WILL BE IRREPARABLY HARMED ABSENT A STAY.

Contrary to State Plaintiffs' claims, Stay Opp. 2-4, a stay is necessary to give meaning to Google's appeal because this Court has held that it only has the power to stop a transfer to a district court outside the Second Circuit *if the transfer has not yet occurred*. *In re Warrick*, 70 F.3d 736, 739 (2d Cir. 1995) (per curiam). Although State Plaintiffs point to a Fourth Circuit decision that reached a different conclusion, *see* Stay Opp. 4 (citing *In re Food Lion, Inc., Fair Lab. Standards Act "Effective Scheduling" Litig.*, 73 F.3d 528 (4th Cir. 1996)), this Court is "bound by [its] own precedent," not that of the Fourth Circuit, *Centurion v. Holder*, 755 F.3d 115, 123

6

(2d Cir. 2014) (quotation marks omitted). And even in the Fourth Circuit, State Plaintiffs' argument is on uneven ground. Although Judge Butzner noted the jurisdictional problem in his dissent, *see In re Food Lion*, 73 F.3d at 534 (Butzner, J., dissenting), the *Food Lion* majority did not acknowledge the jurisdictional problem or explain its reasoning. That "drive-by jurisdictional ruling . . . receives no precedential effect." *Wilkins v. United States*, 143 S. Ct. 870, 878 (2023) (quotation marks and alteration omitted). The court therefore cannot assume that it could grant mandamus to correct a completed transfer. Google faces irreparable harm in the form of a transfer that this Court may lack the power to reverse.

Moreover, the threat of transfer is not the only harm Google faces. Google has also shown that a stay is necessary to protect the benefits of the MDL. *See* ECF No. 52 at 18-19 ("Stay Mot."). State Plaintiffs try to brush off these harms by analogizing them to litigation expenses. Stay Opp. 3 & n.3 (citing *Coinbase, Inc. v. Bielski*, 143 S. Ct. 1915, 1923 (2023)). But the analogy doesn't work. While "[m]ere litigation expense" may not "constitute irreparable injury" in some circumstances, *Coinbase*, 143 S. Ct. at 1923 (quotation marks omitted), a stay *is* appropriate when the issue on appeal is the proper forum for the case, *see id.* at 1919-22 (holding that an arbitrability appeal automatically stays district court proceedings). The ramifications of the JPML's transfer ruling fall into that second category. Here, the burden of multi-forum litigation and the potential for "conflicting results" "are

7

especially problematic," *Ellis v. Trib. Television Co.*, 443 F.3d 71, 88 (2d Cir. 2006), and are what § 1407 was designed to avoid, *Crown, Cork & Seal Co. v. Parker*, 462 U.S. 345, 353 (1983). The loss of the MDL's efficiencies therefore constitute irreparable harm.

### III. A STAY IS IN THE PUBLIC INTEREST.

The public interest also supports a stay request because the proposed stay would conserve judicial resources. *See* Stay Mot. 20. State Plaintiffs do not dispute that point, and instead argue that "Congress has already liquidated where the public interest lies" in the Venue Act. Stay Opp. 5. However, State Plaintiffs' argument requires the Court to assume that Congress intended the Venue Act to apply retroactively. Yet, as Google has shown, Congress twice rejected a retroactivity provision in drafting the statute. *See* Mandamus Pet. 15-23. Moreover, courts have long rejected the notion that the public interest can be reduced to the interest served by the statute at issue. *See Amoco Prod. Co. v. Village of Gambell*, 480 U.S. 531, 545-546 (1987) (rejecting the view that "the interests served by federal … statutes … supersede all other interests"). Instead, courts must consider "competing public interests," including non-statutory concerns like the one that Google raises here. *Id.*

### IV. GOOGLE HAS SHOWN A LIKELIHOOD OF SUCCESS ON THE MERITS.

On the merits, State Plaintiffs' primary response is to argue that Google somehow "forfeited" its ability to distinguish *Ex parte Collett*, 337 U.S. 55 (1949)

8

and *United States v. National City Lines, Inc.*, 337 U.S. 78 (1949). Stay Opp. 7. Not so. Google's argument is the same before this Court as it was before the JPML: that the *Landgraf* two-step framework governs.

Neither *Ex parte Collett* nor *National City*—which predate *Landgraf* by decades—applied the *Landgraf* framework. *Compare Ex parte Collett*, 337 U.S. at 71 (applying new transfer statute to a pending case because "[n]o one has a vested right in any given mode of procedure") (quotation marks omitted), *with Landgraf v. USI Film Prods.*, 511 U.S. 244, 275 n.29 (1994) (explaining that "the mere fact that a new rule is procedural does not mean that it applies to every pending case"). And because *Landgraf* reshaped retroactivity jurisprudence, the JPML's reliance on those cases misunderstands both the facts of those cases and *Landgraf*'s rule. *Compare Morgan Guar. Tr. Co. v. Republic of Palau*, 971 F.2d 917, 921 (2d Cir. 1992) (noting, before *Landgraf*, that "[t]he Supreme Court's current position on retroactive application of civil statutes is … unclear"), *with Enter. Mortg. Acceptance Co., LLC, Sec. Litig. v. Enter. Mortg. Acceptance Co.*, 391 F.3d 401, 409 (2d Cir. 2004), as amended (Jan. 7, 2005) (refusing, after *Landgraf*, "plaintiffs' invitation to designate all statutes of limitations 'procedural' and thereby hold that any revised statute of limitations shall have retroactive effect" because "in different contexts, a statute of limitations may fairly be described as either procedural or substantive").

9

Even if *Ex parte Collett* and *National City* had some relevance to the retroactivity analysis here, there is no bar preventing this Court from "entertain[ing] additional support that a party provides for a proposition presented below." *Eastman Kodak Co. v. STWB, Inc.*, 452 F.3d 215, 221 (2d Cir. 2006). Google plainly "addressed the issue" of whether the Venue Act applies retroactively and may "make any argument in support of [its] claim" that the statute is *not* retroactive. *See Yee v. City of Escondido*, 503 U.S. 519, 534 (1992). Google has consistently argued that the Venue Act does not apply retroactively. No rule limits a party on appeal to citing or distinguishing only the cases mentioned in its brief below.

When State Plaintiffs are forced to confront the differences between their case and *Ex parte Collett* and *National City*, all they can say is that the JPML was not required to apply a substantive legal standard in remanding their case because the Venue Act exempted states from the MDL transfer standard. *See* Stay Opp. 8-9. In so arguing, State Plaintiffs effectively concede that mandamus is appropriate here. The Venue Act—even if it could be applied retroactively—does not itself set out a new remand standard. A retroactive application of the Venue Act can mean *only* that the transfer standard in § 1407(a) no longer applies in antitrust suits brought by a State. It cannot mean that no transfer standard applies in these cases at all. After all, if the Supreme Court decided to eliminate the 60 days the United States has to file a notice of appeal under the Federal Rules of Appellate Procedure, Fed. R. App.

10

P. 4(a)(1)(B), the result would not be that the United States is then permitted to notice an appeal at any time. The result would instead be that the 30-day default rule applied. Fed. R. App. P. 4(a)(1)(A). The same logic applies here. The JPML therefore overreached. Mandamus is warranted.

## CONCLUSION

For the foregoing reasons, this Court should enter an order staying the JPML's Remand Order.

11

August 15, 2023                    Respectfully submitted,

/s/ Neal Kumar Katyal
Neal Kumar Katyal
Jessica L. Ellsworth
Jo-Ann Tamila Sagar
William E. Havemann
HOGAN LOVELLS US LLP
555 Thirteenth Street, N.W.
Washington, D.C. 20004
(202) 637-5600
(202) 637-5910 (Fax)
neal.katyal@hoganlovells.com
jessica.ellsworth@hoganlovells.com

Eric Mahr
Andrew J. Ewalt
FRESHFIELDS BRUCKHAUS
DERINGER LLP
700 13th Street NW, 10th Floor
Washington, D.C. 20005
(202) 777-4500
(202) 777-4555 (Fax)
eric.mahr@freshfields.com
andrew.ewalt@freshfields.com

*Counsel for Petitioner Google LLC*

## CERTIFICATE OF COMPLIANCE

1. This document complies with the type-volume limits of Fed. R. App. P. 27(d)(2) because, excluding the parts of the document exempted by Fed. R. App. P. 32(f), this document contains 2,591 words.

2. This document complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and the type-style requirements of Fed. R. App. P. 32(a)(6) because this document has been prepared in a proportionally spaced typeface using Microsoft Word 2010 in 14-point Times New Roman.

/s/ Neal Kumar Katyal
Neal Kumar Katyal

## CERTIFICATE OF SERVICE

I certify that on August 15, 2023, the foregoing was electronically filed through this Court's CM/ECF system, which will send a notice of filing to all registered users.

<u>/s/ Neal Kumar Katyal</u>
Neal Kumar Katyal